# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 15-CR-83

TAMARA MCARTHUR, et al.,

        Defendants.

## ORDER

Tamara McArthur is charged with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Five) and one count of substantive money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (2) (Count Nine). (ECF No. 83.) She seeks a bill of particulars setting forth:

    1.    When McArthur joined the conspiracy charged in Count Five of the indictment.

    2.    What evidence exists or is known to the government that the Defendant McArthur joined with the other named defendants in a conspiratorial agreement?

3. What evidence exists or is known to the government that the property at 80XX W. Townsend (Townsend Property) was purchased with proceeds from drug trafficking activity.

4. What transaction yielded the proceeds the government alleges were used in the purchase of the Townsend property.

5. What evidence exists or is known to the government that defendant McArthur knew the Townsend Property was purchased with proceeds from drug trafficking activity.

(ECF No. 172 at 1.) Alternatively, McArthur seeks the legal instructions provided to the grand jury. (ECF No. 172 at 2.)

Federal Rule of Criminal Procedure 7(f) permits the court to order the government to provide a defendant with a bill of particulars. "The purposes of a bill of particulars are to inform the defendant of the nature of the charge against her to enable her to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable her to plead acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite." *United States v. Brown*, 2015 U.S. Dist. LEXIS 6667, 10-12 (E.D. Wis. Jan. 21, 2015) (citing *United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984)). "Whether to require a bill of particulars rests within the sound discretion of the district court." *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003).

The "bill-of-particulars analysis is similar to the constitutional sufficiency-of-the-indictment analysis; 'in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation.'" *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)). "[A] bill of particulars is 'unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense.'" *Id.* (quoting *Hernandez*, 330 F.3d at 975; citing *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)). "Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Blanchard*, 542 F.3d at 1140; *see also United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).

"Where the indictment fails to provide the full panoply of such information, a bill of particulars is nonetheless unnecessary if the information 'is available through some other satisfactory form,' such as discovery.'" *Blanchard*, 542 F.3d at 1140 (quoting *Hernandez*, 330 F.3d at 975); *see also Vaughn*, 722 F.3d at 927. Moreover, while a defendant is entitled to know the offense with which she is charged, the government need not disclose all the details of how it will prove its case. *Blanchard*, 542 F.3d at 1141 (citing *Fassnacht*, 332 F.3d at 445; s*ee also Kendall*, 665 F.2d at 135 (quoting *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979)) ("It is established that 'a defendant is not entitled to

know all the evidence the government intends to produce, but only the theory of the government's case.'"); *United States v. Douglas*, 2005 U.S. Dist. LEXIS 13163 (W.D. Wis. June 27, 2005) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)) ("[A] bill of particulars under F. R. Crim. Pro. 7(f) is not designed to provide the defendant with a detailed disclosure of the government's witnesses, legal theories or evidentiary detail."). Thus, a motion for a bill of particulars should not be confused with a request to admit or an interrogatory; it is not a discovery tool. S*ee United States v. Vest*, 2006 U.S. Dist. LEXIS 52135, 10 (S.D. Ill. July 28, 2006).

In large part McArthur's requests read like interrogatories whereby she asks the court to order the government to disclose how it intends to prove its case. It is well-established that this is not a proper use of a bill of particulars. *See, e.g, United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997); *United States v. Richards*, 2015 U.S. Dist. LEXIS 5783, 2-4 (E.D. Wis. Jan. 19, 2015) (citing *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991)); *United States v. Mazharuddin*, 2013 U.S. Dist. LEXIS 16643 (E.D. Wis. Feb. 7, 2013) ("[The defendant's] original motion reads like a request for the evidentiary details of the government's case, which he has no right to discover through a bill of particulars.") (citing *United States v. Brock*, 863 F. Supp. 851, 867 (E.D. Wis. 1994)). "Discovery, not a bill of particulars, is the means by which a defendant is informed of what evidence the government possesses to evidence his involvement in a

4
Case 2:15-cr-00083-JPS   Filed 06/29/16   Page 4 of 7   Document 192

conspiracy…." *United States v. Rodriguez*, 2009 U.S. Dist. LEXIS 38695, 13-14 (E.D. Wis. Apr. 24, 2009).

The only detail that McArthur requests that might be appropriately within the scope of a bill of particulars is the date McArthur is alleged to have joined the conspiracy. *See, e.g., United States v. Barnes*, 2010 U.S. Dist. LEXIS 45769, 34-36 (E.D. Wis. Apr. 7, 2010); *Rodriguez*, 2009 U.S. Dist. LEXIS 38695, 14. The government responds that it alleges that each member of the conspiracy joined in approximately January of 2011, the date the indictment alleges that the conspiracy began. (ECF No. 178 at 2.) Although not presented with the formality of a bill of particulars, the court is presented with no reason to conclude that the government's response is insufficient. Therefore, McArthur's motion for a bill of particulars will be denied.

The court will also deny McArthur's alternative request for disclosure of the instructions provided to the grand jury. The proper functioning of the grand jury depends upon secrecy. *United States v. Sells Eng'g*, 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979)); *In re Grand Jury Proceedings*, 942 F.2d 1195, 1198 (7th Cir. 1991). Thus, disclosure of grand jury proceedings is appropriate only in extremely limited circumstances when the party seeking disclosure can show a compelling necessity or a particularized need for the information. *In re Grand Jury Proceedings*, 942 F.2d at 1198.

In McArthur's view, if the grand jury were accurately instructed as to the elements of money laundering and presented with the same evidence contained in the discovery, it would not have concluded that there was probable cause that she committed the offense of money laundering. Therefore, she argues the grand jury must either have been presented with information not contained in the discovery or the grand jury was mis-instructed as to the law.

A movant's speculation that disclosure of the grand jury proceedings might reveal information that will be somehow beneficial is insufficient. *See United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978). "[A] mere possibility of benefit does not satisfy the required showing of particularized need." *In re Grand Jury Proceedings*, 942 F.2d at 1199. The court does not possess general supervisory authority over the grand jury; its authority to dismiss an indictment is limited to a violation of "one of those 'few, clear rules which were carefully drafted and approved by [the Supreme Court] and by Congress to ensure the integrity of the grand jury's functions.'" *United States v. Williams*, 504 U.S. 36, 46 (1992) (quoting *United States v. Mechanik*, 475 U.S. 66, 74 (1986) (O'Connor, J., concurring in judgment)).

McArthur's speculation that the grand jury might have been mis-instructed as to the elements of money laundering is insufficient to pierce the veil of secrecy that surrounds grand jury proceedings. *See United States v. Buske*, 2010 U.S. Dist. LEXIS 77010, 10-11 (E.D. Wis. July 29, 2010) (citing *United States v. Stafford*, 2009 U.S. Dist.

6
Case 2:15-cr-00083-JPS   Filed 06/29/16   Page 6 of 7   Document 192

LEXIS 8483 (D. Del. Feb. 5, 2009); *United States v. Trie*, 23 F. Supp. 2d 55 (D.D.C. 1998)); *see also Barnes*, 2010 U.S. Dist. LEXIS 45769, 42; *United States v. Arberry*, 2007 U.S. Dist. LEXIS 23286, 12-13 (E.D. Wis. Mar. 27, 2007).

**IT IS THEREFORE ORDERED** that Tamara McArthur's motion for a bill of particulars or in the alternative for grand jury instructions (ECF No. 172) is **denied**.

Dated at Milwaukee, Wisconsin this 29th day of June, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge